UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY RIOS,<br><br>   Plaintiff,<br><br>   v.<br><br>PINNACLE MIRA MESA L.P.,<br><br>   Defendant. | Case No. 3:21-cv-00333-L-LL<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT AND REMANDING ACTION TO STATE COURT**<br><br>(Doc. no. 9) |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. no. 9.) *In lieu* of filing an opposition, Plaintiff filed an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1). (Docs. no. 11, 12.) Accordingly, the pending motion to dismiss is DENIED AS MOOT. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

In her amended complaint Plaintiff chose not to reallege her federal cause of action. (*See* docs. no. 12, 13.) Defendant had removed this case from State court pursuant to 28 U.S.C. §§ 1441 and 1331 because the complaint contained a federal claim alleging violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). (*See* doc. nos. 1 (notice of removal) and 1-2 (compl.).) This claim is
/ / / / /

1 no longer a part of Plaintiff's complaint.  The only remaining claims are alleged
2 under California law.  (*See* doc. no. 12 (first am. compl.).)
3     "[C]onsiderations of judicial economy, convenience and fairness to litigants
4 support a wide-ranging power in the federal courts to decide state-law claims in
5 cases that also present federal questions." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S.
6 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726
7 (1966)).   At the time of removal, the Court had federal subject matter jurisdiction
8 over the ADA claim pursuant to 28 U.S.C. § 1331 and "supplemental jurisdiction
9 over all other claims that are so related to claims in the action within such original
10 jurisdiction that they form part of the same case or controversy under Article III of
11 the United States Constitution." 28 U.S.C. § 1367(a).  Plaintiff's state law claims
12 share a common nucleus of operative facts with the dismissed ADA claim, and her
13 state and federal claims would normally be resolved in the same judicial proceeding.
14 *See Trustees of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert*
15 *Valley Landscape & Maint., Inc*., 333 F.3d 923, 925 (9th Cir. 2003).  Accordingly,
16 the Court has supplemental jurisdiction over Plaintiff's state law claims under 28
17 U.S.C. § 1367(a).
18     However, a district court "may decline to exercise supplemental jurisdiction
19 over a claim under subsection (a) if [it] has dismissed all claims over which it has
20 original jurisdiction . . .." 28 U.S.C. § 1367(c)(3).  Because Plaintiff chose not to
21 reallege her only federal claim, has alleged no valid basis for federal jurisdiction, and
22 this case is at the pleading stage, the Court declines to exercise supplemental
23 / / / / /

jurisdiction.  Accordingly, this action is REMANDED to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated:  April 20, 2021

_____
Hon. M. James Lorenz
United States District Judge